**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

then told me that if he wanted to do that all he had to do is bang on the seg window (As he did so) I ntl c/o scoggs & I ntl c/o Mayers walked up to me. C/o scoggs then tryed to trip me. I stepped over his foot & asked him why he tryed to trip me? C/o scoggs then stated "Shut up nigger before I really hurt you"! I then told him "I didn't do anything to him for him to put his hands on me". C/o Scoggs then pushed me into the Seg Bullpin, to the Back wall. he then took his two thumbs and lodged them under the soft of my chin & pressing his body weight forward (pinning me against the Back wall) to choke me. C/o scoggs choked me like this for approximately 30 sec until I started to swirm around to get free of his grip. C/o then moved aside to let Lt Shufflin come towards me. Lt shufflin then grabbed my head with both hands & turned me around to face the wall & ran my head into the wall two times. Lt Shufflin then turned me back around so that I was face to face with him & my back against the wall. Lt Shufflin then took his left forearm and placed it across my neck & leaned his body weight in to choke me. While Lt Shufflin is choking me with his forearm, he began punching me in the left side of my ribs with his right fist (5 to 10 times) At this point c/o scoggs comes towards me and grabs my legs from under me causing me to fall backwards & hitting the back of my head on the wall while c/o scoggs is holding my legs in the air (almost have me hanging up side down) At this point Lt Lindsey stepped in & placed his left knee on my throat while holding my mid section to help c/o scoggs keep my feet in the air. while this is going on Lt Shufflin began to drop his right knee into the left side of my ribs. Lt Shufflin dropped 3 to 4 knees into my ribs and then stopped & everybody let me go. Approximately 20 mins later, I seen warden watson doing his rounds Singing Books. I informed him of what had just occured. warden watson then picked up the phone made a call and told me that someone will be to talk to me soon. Approximately 10 mins later I.A. Lt Durell told me that warden watson sent him to talk to me about what had occured. I informed him & he then took me to health care to be treated for a head injury which was a big gash over my right eye. nurse Rubel gave me stiches & put me down for sick call the next day. I asked if I could have pictures taken of my eye injury I.A. Lt Durell told me no. [~ End ~]

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Date: 12/18/2017
Offender: (Please Print) Nathan Cobbs
ID#: R70416
Present Facility: WIC
Facility where grievance issue occurred: WIC

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [X] Other (specify): Excessive Force

- [ ] Disciplinary Report: ___/___/___
  Date of Report                    Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): On Friday Dec 15 2017 At Approximately 12:40 pm I was Assulted By 3 of 6 officers while in cuffs. The 6 present officers were, C/o Howell.D, Intel C/o Myers, Intel C/o Scoggs, I.A. C/o Sessions, Lt Shufflin, Lt Lindsey. At Approximatly 12:15 pm I was called to I.A. to Be Questioned about a none violent offense. I was then placed in cuffs By I.A. C/o Sessions & was taken to Seg to Be placed under "I.S" (investigative status) upon me & I.A. C/o Sessions waiting infront of the Seg Sliding Door to open, I.A. C/o Sessions Began twisting on the cuffs. I then looked at him and Said "come on man you dont have to get all physical on me". I.A. C/o Sessions

Relief Requested: I would like Assistance filing Charges for Assualt & Battery on Lt Shufflin, Lt Lindsey & C/o Scoggs.

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self
[ ] Check if this is NOT an emergency grievance.

Nathan Cobbs                             R70416     12/18/2017
Offender's Signature                     ID#        Date
(Continue on reverse side if necessary)

**Counselor's Response (if applicable)**

Date Received: ___/___/___
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name     Counselor's Signature     Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___
Is this determined to be of an emergency nature?
[ ] Yes, expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature     Date

Distribution: Master File; Offender       Page 1       DOC 0046 (1/2012)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE**

| Date: Aug-3-2018 | Offender: (Please Print) Nathan Cobbs | ID#: R70416 |
|---|---|---|

| Present Facility: WIC | Facility where grievance issue occurred: WIC |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [x] Other (specify): Responses to Grievances
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA

- [ ] Disciplinary Report: ___/___/___ Date of Report / Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): I am writing this grievance as a result of Staff conduct, Culpable Neglect of Duties (Section 120.30, unprofessionalism; Section 120.80) On the Date of 12-29-17, I Cobbs filed a grievance for (Staff conduct, Excessive Force) That was marked "EMERGENCY" for a issue that occurred on 12-15-2017) I was called to the Visiting room area By "TARA Goins" (the Grievance officer) to be questioned if I had wrote the grievance titled Staff conduct, Excessive force. I informed her that I was the person who wrote the grievance. This was May 13, 2018 I asked if she was going to respond to the grievance. She Said yes & that she was going To send it to Warden Cameron Watson. I'm filing grievance due to the lack of

**Relief Requested:** Monetary Damages...

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

_____ _____ ___/___/___
Offender's Signature ID# Date
(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___  [ ] Send directly to Grievance Officer  [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: _____

_____ _____ ___/___/___
Print Counselor's Name Counselor's Signature Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___  Is this determined to be of an emergency nature?
[ ] Yes, expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____ ___/___/___
Chief Administrative Officer's Signature Date

Distribution: Master File; Offender    Page 1    DOC 0046 (1/2015)
Printed on Recycled Paper

Response And The indefinite Delay in Responding To inmate grievances... under 42 U.S.C. 1997E(A) of The prisoner litigation Reform Act provides: No Action Shall Be Brought with Respect To prison conditions under section 1983 of This Title, or Any other federal law, By A person confined in Any Jail, prison or other Correctional facility until such Administrative Remedies As Are Available Are Exhausted.... This Requirements Applies To State prisoners.... There is currently A widspread practice unwritten policy of The western Ill. correctional center were prison officals Are Throwing Away, Destroying, failure To Respond To, indefinite Delaying Response To inmate grievances.... The Seventh circuit Court of Appeals has Noted That the prison litigation Reform Act 42 U.S.C. 1997E(A) Should Not Be interpreted So narrowly That prisoner officals Are permitted To Exploit the Exhaustion Requirements Through indefinite Delay in Responding To grievances... A inmate is not Required to wait An unReasonable length of Time During which Evidence, witnesses, And memories May Be lost for A Decision Before he can go forward with his federal Suit. Brengettey v. Horton, 423 f.3d At 679... An Administrative Remedy Becomes unavailable for Purposes of Exhastion Requirements if prison officals Do Not Respond To A properly filed grievance or if They otherwise use Affirmative misconduct To Thwart A inmate Attempt To Exhaust, Kaba v. stepp, 438 f.3d At 809; Dale v. Chandler, 438 f.3d 804, 809 (2006); Lewis v. Washington, 300 f.3d 829, 833 (7th Cir. 2002); Dale V. Lappin, 376 f.3d 652, 656 (2004) This grievant has written Grievances Dated: 12-18-2017 Staff conduct Excessive force (While not handcuffs) I have forwarded Above Stated grievance To the grievance officer TARA Goins "VIA institutional Mail It is clearly Beyond The 2 month(s), Whenever feasible Response Requirment According To 20 Ill. Adm. code 504.830... The western Ill. correctional center officals has An unwritten widespread policy That Allows the Grievance officer TARA goins To indefinite Delay A Response And Thwart The grievance Exhaustion Requirement... The prisoner litigation Reform Act provides That "no Action shall Be Brought with Respect To prison conditions under section 42 U.S.C 1997 E(A)... Exhaustion is necessary Even if The prisoner is requesting Relief That The Relevant Administrative, Administrative Review Board has no power To Grant, such as monetary Damages... Porter v. nussle, 122 s.ct. 983; Dale v. Chandler, 438 f.3d 804 (2006), or if The prisoner Believes That Exhaustion is futile, Booth v. Chandler, 121 S.ct. 1819 (2001)... The Sole objective of 1997E(A) is To permit The prisons Administrative process To Run its course Before litigation Begains. Cannon v. Washington, 418 f.3d 714, 719 (7th Cir. 2005) The united States Supreme court has stated That corrective Action Taken in Response To A grievance might Satisfy The prisoner, Thus obviating The Need for litigation, or Alert prison Authorities To An ongoing problem That They can correct. Porter v. nussle, 122 S.ct. 983; Dale v. Chandler, 438 f.3d 804 (2006) The indefinite Delay in Responding To Grievants written grievances is A Retaliatory Act Due To grievant his pursuit of federal legal Action Because

# ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

Housing Unit: _____ Bed #: _____

**Date:** Aug-3-2018
**Offender (Please Print):** Nathan Cobb
**ID#:** R70416
**Present Facility:** WIC
**Facility where grievance issue occurred:** WIC

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Mail Handling
- [ ] Restoration of Good Time
- [ ] ADA Disability Accommodation
- [X] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [X] Other (specify): Response to Grievance
- [ ] Disciplinary Report: ___/___/___ Date of Report _____ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
 Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
 Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
 Chief Administrative Officer, only if EMERGENCY grievance.
 Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

of unconstitutional prison conditions, in violation of grievant First Amendment Right to use the prison grievance system. A prisoner has a First Amendment Right to make grievances about conditions of staff conduct. An act in retaliation for the exercise of a constitutionally protected Right is actionable under Section 1983 Even if the act when taken for different reasons, would have been proper. Howland v. Kilquist, 933 F 2d 639, 644 (7th CR 1987) Moreover it can be inferred that thwarting the exhaustion requirements of grievance will deter future First Amendment Activity. Gomez v. Randle, 680 F 3d 859 (2012) A prisoners Administrative Remedies are deemed to be

**Relief Requested:** Monetary Damages...

[X] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
[ ] Check if this is NOT an emergency grievance.

Offender's Signature _____ ID# _____ Date ___/___/___

(Continue on reverse side if necessary)

### Counselor's Response (if applicable)

Date Received: ___/___/___
[ ] Send directly to Grievance Officer
[ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

Print Counselor's Name _____ Counselor's Signature _____ Date of Response ___/___/___

### EMERGENCY REVIEW

Date Received: ___/___/___
Is this determined to be of an emergency nature?
[ ] Yes; expedite emergency grievance
[ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature _____ Date ___/___/___

Distribution: Master File; Offender  Page 1  DOC 0046 (1/2018)
Printed on Recycled Paper

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**OFFENDER'S GRIEVANCE (Continued)**

Housing Unit: _____ Bed #: _____

Exhausted when a valid grievance has been filed and the states time for responding there to has expired. Goodman v. Carter, 2001 WL 755137. The Grievance officer TACA Gowins has not given a response to grievants written grievance within the time frame set forth in 20 Ill Adm. Code 504.805(d)... However when a prison offical has the Direct Responsibility of Reviewing and Responding to grievances, Denial of a grievance will constitute his or her express consent to the perpetuation of the conditions complained of in the grievance... Crowder V. Losh, 687 F.2d 996 (7th Cir 1982)... A correctional official may be held liable for a constitutional Violation committed by Another if he or she has A Reasonable opportunity to intervene But fails to do so. Miller V. Smith, 220 F.3d 491, 495 (7th Cir 2000)... prison officials cannot ignore a problem once it is Brought to their Attention: and the Supervisor learned of the Violation of my Rights and failed to do Anything to Fix the situation... Meriweather v. Coughlin, 879 F.2d 1037 (2d Cir 1989)

Signed By:

NAME: Nathan Colello
ID# R70416
Date: Aug 3rd 2018