E-FILED
Thursday, 06 August, 2020  12:07:20 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN COBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-3205-SLD-JEH |
| | ) | |
| CAMERON WATSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION

NOW COME Defendants, MATTHEW LINDSEY, SCOTT SCOGGIN, and TODD SHEFFLER, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and hereby submit their Memorandum of Law in Support of Defendants' Motion for Summary Judgment on the Issue of Exhaustion. In support thereof, Defendant states the following:

### I.    BACKGROUND

Plaintiff, Nathan Cobbs #R70416, is an inmate within the Illinois Department of Corrections and is currently incarcerated at Lawrence Correctional Center. On August 16, 2018, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Lindsey, Scoggin, and Sheffler exhibited excessive force against him on December 15, 2017 at Western Illinois Correctional Center. [Doc. 1].  The Court found that Plaintiff stated an Eighth Amendment claim for excessive force against Defendants Lindsey, Scoggin, and Sheffler. [Doc. 10].  Under the Prison Litigation Reform Act (P.L.R.A), Plaintiff is required to exhaust all administrative remedies prior to filing a lawsuit. Plaintiff failed to exhaust administrative remedies before filing this lawsuit. Defendants are entitled to summary judgment in their favor because Plaintiff did not complete the grievance process before filing this lawsuit in federal court.

## II.    UNDISPUTED MATERIAL FACTS

1.      Plaintiff, Nathan Cobbs #R70416, is an inmate within the Illinois Department of Corrections (IDOC) and is currently incarcerated at Lawrence Correctional Center (Lawrence). [Doc.1]. Plaintiff was incarcerated at the time of the alleged incidents at Western Illinois Correctional Center (Western) and at the time he filed his complaint. [Doc. 1].

2.      Defendant Matthew Lindsey, during all relevant times in Plaintiff's complaint, was a lieutenant at Western. [Doc. 1].

3.      Defendant Scott Scoggin, during all relevant times in Plaintiff's complaint, was a correctional officer at Western. [Doc. 1].

4.      Defendant Todd Sheffler, during all relevant times in Plaintiff's complaint, was a lieutenant at Western. [Doc. 1].

5.      On August 16, 2018, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging excessive force by the IDOC defendants on December 15, 2017. [Doc. 1, p. 5].

6.      Plaintiff admits there is a grievance procedure available at his institution, Western, when he filed this action and that he completed the grievance process. [Doc. 1, p. 4].

7.      Plaintiff alleges that Tara Goins met with Plaintiff on May 19, 2018, but would not process his emergency grievance. [Doc. 1, p. 4].

8.      Plaintiff stated he submitted one grievance, an emergency grievance, #18-0055E, regarding this claim on December 18, 2018. [Doc. 1, p. 4; Exhibit 1, Plaintiff's facility grievances, Bates 000143; Exhibit 3, Declaration of Grievance Officer, Tara Goins, ¶ 7].

9.      This grievance was deemed an emergency by the Chief Administrative Officer (CAO) on January 18, 2018. *Id.*

10.     This grievance was responded to by the Grievance Officer on May 25, 2018 and concurred by the CAO on May 29, 2018. [Ex. 1, Bates 000142; Ex. 3, ¶ 7-8].

11.     There is no indication that Plaintiff appealed this grievance to the Administrative Review Board (ARB). [Exhibit 2, Administrative Review Board grievances; Ex. 3, ¶ 9; Exhibit 4, Declaration of ARB Chairperson, Sherry Benton, ¶ 2-3].

12.     On December 21, 2017, the ARB received a grievance from Plaintiff dated December 18, 2017.[1] [Ex. 2, Bates 000140; Ex. 4, ¶ 8].

13.     On December 28, 2017, the ARB responded to this grievance dated December 18, 2017, requesting Plaintiff provide the original grievance with the counselor's response, a copy of the response to the grievance including the Grievance Officer's response and the CAO's response, and provide dates when the incidents occurred. [Ex. 2, Bates 000139].

14.     On December 21, 2017, the Administrative Review Board (ARB) received a second grievance from Plaintiff dated February 15, 2018. [Ex. 2, Bates 000137; Ex. 4, ¶ 9].

15.     This grievance was responded to by the Grievance Officer on March 7, 2018, stating that Plaintiff's grievance regarding allegations from December 2017 were not submitted within the 60 days' timeframe. [Ex. 2, Bates 000135].

16.     The ARB responded to this grievance on April 10, 2018, stating that the grievance was not submitted within the 60 days required under the rules. [Ex. 2, Bates 134].

17.     There is no indication that Plaintiff ever submitted his original grievance dated December 18, 2017, to the ARB after receiving a response at the facility level in May 2018. [Exhibit 2, Administrative Review Board grievances; Ex. 4, ¶ 10].

---

[1] It appears that the  grievance sent to the ARB dates December 18, 2017, and the grievance Plaintiff marked for emergency review, also dates December 18, 2017, are the same grievance but in the copy sent for emergency review at the institutional level, Plaintiff appears to correct one of the officer's names to what appears to be "c/o Scoggs."

### III.   STANDARD OF REVIEW

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under the PLRA, an inmate who brings an action under 42, U.S.C. §1983, must exhaust all administrative remedies available at the institution prior to filing a lawsuit. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Requiring exhaustion allows for prison staff to address and resolve any disputes prior to beginning the lengthy litigation process. *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Under the PLRA, an inmate must comply with the rules of form and timeliness when exhausting administrative remedies. *Pozo v. McCaughtry,* 286 F.3d 1022, 1023 (7th Cir. 2002). If the inmate fails to complete the process by following the rules established, exhaustion has not occurred. *Id.* Any other approach would allow inmates to spurn the process which would defeat the statutory objective of the PLRA in requiring the inmate to give the intuition an opportunity to address the problem. *Id* at 1024. An inmate who fails to exhaust administrative remedies is barred from litigating. *Id*.

Inmates are required to exhaust all administrative remedies prior to the filing of a lawsuit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). By applying administrative remedies first and litigation second, it induces people to concentrate their attention on negotiation and may lead to a resolution without litigation. *Id*. Inmates may declare the administrative process as irrelevant once suit begins but such process is mandated under the PLRA to streamline litigation and suits filed by prison inmates, and to allow for the institution to address any issues that arise. *Pozo v. McMcCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002).

## IV.    ARGUMENT

### A.  Plaintiff failed to exhaust administrative remedies against Defendants because he failed to appeal his grievance to the Administrative Review Board (ARB).

Plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit based upon the discovery obtained because Plaintiff failed to fully complete the grievance process and appeal the final decision at the facility level. Plaintiff has failed to exhaust his administrative remedies as to the Defendants as is required under the PLRA.

The Prison Reform Litigation Act (PLRA) requires that all inmates who file lawsuits pursuant to 42 U.S.C. § 1983 must exhaust all available administrative remedies prior to filing a lawsuit. 42 U.S.C. § 1997e(a). The purpose of this is to alert prison officials of problems at the facility and allow them to address issues before incurring the expense of litigation. *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). There is no question that exhaustion is mandatory under PLRA. *Jones v. Bock*, 549 U.S. 199, 211 (2007). Exhaustion is necessary even if the appropriate administrative board does not have the power to grant the specific relief requested by the prisoner. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006). The Seventh Circuit has taken a strict compliance approach to exhaustion. *Id.* at 809. A prisoner must properly use the grievance process, filing complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

As an inmate in IDOC custody at the time of the alleged incidents and when he filed his complaint, Plaintiff was required to follow the grievance procedures outlined in IDOC Grievance Procedures for offenders in order to exhaust his administrative remedies. 20 Ill. Adm. Code 504.810. Generally, an inmate must first attempt to resolve complaints through his institutional counselor. 20 Ill. Adm. Code 504.810(a). If an offender is unable to resolve the complaint informally, he may file a written grievance. *Id.* The grievance shall be filed within 60 days after

the discovery of the incident, occurrence, or problem that gave rise to the grievance. *Id*. The offender may request a grievance be handled on an emergency basis by forwarding the grievance directly to the CAO. 20 Ill. Adm. Code 504.840. If the CAO determines that the grievance shall be handled on an emergency basis, he or she shall expedite processing of the grievance and respond to the offender, indicating what action shall be or has been taken. 20 Ill. Adm. Code 504.840(b). The grievance form shall be addressed to the Grievance Officer and shall contain factual details, including what happened, when, where, and the name of each person who is the subject of or otherwise involved in the complaint. 20 Ill. Adm. Code 504.810(b). The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer (CAO). 20 Ill. Adm. Code 504.830(d). The CAO shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible. *Id*. If an offender still feels that the grievance has not been resolved to his satisfaction, he may appeal in writing to the Director through the ARB within 30 days after the date of the decision, with copies of the Grievance Officer's report and the CAO's decision attached. 20 Ill. Adm. Code 504.850(a). The ARB shall submit to the Director a written report of its findings and recommendations. 20 Ill. Adm. Code 504.850(d). The Director shall review the report and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible. 20 Ill. Adm. Code 504.850(e). The offender shall be sent a copy of the Director's decision. *Id*.

In the present case, Plaintiff failed to follow grievance procedures and exhaust administrative remedies for his claims against Defendants because he failed to appeal the final decision at the facility level to the ARB prior to filing this lawsuit. In order to complete the grievance procedure, Plaintiff was required to file grievances as to the acts of each defendant and

receive a final response from the ARB. 20 Ill. Adm. Code 504.850(a). In *Pozo,* the court held that a prisoner will be deemed to have completed the exhaustion process if they follow all rules on forms and timeliness. *Pozo v. McCaughtry,* 286 F.3d. at 1023.

In his complaint, Plaintiff states he filed one grievance regarding the alleged staff conduct. [Doc. 1, p. 4]. According to Plaintiffs' documents, he submitted one grievance, an emergency grievance, #18-0055E, regarding this claim on December 18, 2017. [Doc. 1, p. 4; Exhibit 1, Plaintiff's facility grievances, Bates 000143]. This grievance was deemed an emergency by the CAO on January 18, 2018. *Id.* On May 25, 2018, the Grievance Officer responded to grievance #18-0055E dated December 18, 2017. [Ex. 1, Bates 000142]. A review of Plaintiff's ARB documents indicates this grievance was never appealed to the ARB after Plaintiff received a final response from the Grievance Officer and CAO. [Exhibit 2, Administrative Review Board grievances].

The ARB did receive a few grievances from Plaintiff between the time he filed his December 2017 grievance and before he received a response back on this grievance in May 2018. [Ex. 2]. The ARB received a grievance from Plaintiff dated December 18, 2017, and responded to this grievance on December 21, 2017, requesting Plaintiff provide the original grievance with the counselor's response, a copy of the response to the grievance including the Grievance Officer's response and the CAO's response, and provide dates when the incidents occurred. [Ex. 2, Bates 000139-000140]. The ARB responded to another grievance on March 7, 2018, and a  third grievance on April 10, 2018, stating that Plaintiff's grievance was untimely because it was not filed within 60 days as required under the rules. [Ex. 2, Bates 000134-000135]. Plaintiff did not receive a response to his original grievance filed on December 18, 2017, until May 25, 2018, however, in the interim, Plaintiff attempted to circumvent the grievance process by sending

grievances directly to the ARB without waiting for responses from the facility. [Ex. 2]. Because Plaintiff did not wait to receive a response at the facility level regarding his grievance, he did not appeal the facility's decision and therefore fore, did not exhaust his administrative remedies prior to filing this lawsuit.

## V.     CONCLUSION

The PLRA required Plaintiff to exhaust administrative remedies before filing suit against Defendants pursuant to 42 U.S.C. § 1983, but Plaintiff failed to satisfy this requirement when he did not appeal the final decision from the facility, thus, not completing the grievance process before filing the present suit against the Defendants.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this honorable Court grant their Motion for Summary Judgment on the Issue of Exhaustion.

Respectfully submitted,

MATTHEW LINDSEY, SCOTT SCOGGIN, and TODD SHEFFLER,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Attorney for Defendants,

Hinal A. Patel #6330260
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-7081 Phone            By:    s/Hinal A. Patel
(217) 782-8767 Fax                     Hinal A. Patel
E-mail: hpatel@atg.state.il.us         Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

NATHAN COBBS,                              )
                                          )
    Plaintiff,        )
                                          )
  -vs-                           )  No. 18-3205-SLD-JEH
                                          )
CAMERON WATSON, et al.,                    )
                                          )
    Defendants.        )

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on August 6, 2020, the foregoing document, ***Memorandum of Law in Support of Motion for Summary Judgment on the Issue of Exhaustion***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**James P Gaughan**
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
Suite 2900
70 W Madison St
Chicago, IL 60602

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

NONE

        Respectfully submitted,

        <u>s/Hinal A. Patel</u>
        Hinal A. Patel #6330260
        Assistant Attorney General
        500 South Second Street
        Springfield, Illinois  62701
        (217) 782-5819 Phone
        (217) 782-8767 Fax
        E-Mail:  hpatel@atg.state.il.us