| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | ) | *Cobbs v. Watson, et al.* |
| CENTRAL DISTRICT OF ILLINOIS | ) | Case No. 18-3205-SLD-JEH |

## DECLARATION OF TARA GOINS

I, Tara Goins, under penalty of perjury, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am currently employed by the Illinois Department of Corrections ("IDOC") at Western Illinois Correctional Center ("Western") as the primary Grievance Officer.

2. One of my responsibilities as the primary Grievance Officer is providing responses to offender grievances.

3. Offender grievances are placed in locked grievance boxes located on each wing. I collect the grievance from the grievance boxes and review them. If an offender marks the emergency box on the grievance, I send the original grievance to the Chief Administrative Officer (CAO) who determines whether the grievance is an emergency. If the CAO determines that the grievance is an emergency, the original grievance is sent directly to the Grievance Officer.

4. Once I receive a grievance the CAO has determined is an emergency, I scan the grievance to myself and email it to the appropriate department or individual for a response.

5. If the CAO determines that a grievance is not an emergency, I return the grievance to the offender.

6. At the request of the Attorney General's Office, I searched the facility's records of inmate Nathan Cobbs, # R70416, for any and all grievances related to his claim of excessive force used against him by Matthew Lindsey, Todd Sheffler, and Scott Scoggin.

7. A review of the grievance records indicates one grievance regarding Plaintiff's claim in this suit labelled staff conduct was logged. This grievance was dated December 18, 2017.

8. Exhibit 1 is a true and accurate copy of offender Nathan Cobbs' facility grievance that he submitted on December 18, 2017 in which I provided a response as the Grievance Officer on May 25, 2018.

9. In order to exhaust his administrative remedies as to this grievance, the next step would be to appeal the grievance to the Administrative Review Board (ARB).

10. According to his ARB records, Plaintiff also submitted a grievance on February 15, 2018. It appears that my March 7, 2018 response was in response to Plaintiff's February 15, 2018 grievance in which it stated his grievance was not submitted within 60 days as required under Departmental Rule 504.

11. This February 2018 grievance was not logged in the grievance records because I did not provide a formal response to the grievance. A formal response to the grievance would have been a response on DOC form 0047, titled "Response to Offender's Grievance" under which I would put my response in the "Grievance Officer's Report" box.

12. These are the only grievances Plaintiff submitted regarding his claim of excessive force used against him by Matthew Lindsey, Todd Sheffler, and Scott Scoggin.

13. Grievance records are maintained by the facility in the ordinary course of business and they are made at the time of the events described therein by the Officials of the Illinois Department of Corrections with knowledge of the contents of those records.

14. I have read the foregoing and affirm that the facts contained herein are true and correct to the best of my knowledge and belief.

**FURTHER AFFIANT SAYETH NAUGHT.**

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Date: 8-6-2020

_Tara Goins_
Tara Goins