IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NATHAN COBBS,<br>        Plaintiff,<br><br>v.<br><br>CAMERON WATSON, *et al.*,<br>        Defendants. | Case No. 4:18-cv-03205-SLD-JEH |

**Order**

Before the Court is a Motion to Stay Discovery (D. 33) filed by the Defendants, Matthew Lindsey, Scott Scoggan, and Todd Sheffler.[1] For the reasons stated, *infra*, the motion is denied.

**I**

The Plaintiff, Nathan Cobbs, filed a Complaint on August 16, 2018, alleging that the Defendants used excessive force against him while he was an inmate in the Illinois Department of Corrections at the Lawrence Correctional Center. (D. 1). On April 21, 2020, this Court adopted a schedule for discovery, ordering that fact discovery be completed by October 15, 2020, all discovery be completed by February 15, 2021 and dispositive motions be filed no later than March 15, 2021. (D. 24). On August 6, 2020, the Defendants filed a motion for summary judgment, arguing that the Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. (D. 26 at ECF p. 5, *citing* 42 U.S.C. § 1997e(a)). The Plaintiff filed his Response thereto on October 8, 2020.

---

[1] Citations to the docket are abbreviated as "(D.__ at ECF p. __)."

On October 2, 2020, the Defendants filed their Motion to Stay Discovery, now pending before the Court. (D. 33). According to the Defendants, *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), provides that when an issue regarding exhaustion of administrative remedies exists, pre-trial discovery should be limited to the exhaustion issue until that issue is resolved. (D. 33 at ECF p. 1).

The Plaintiff in his Response argues that *Pavey* does not mandate that a stay of merits discovery be imposed by a court when an exhaustion issue is pending. (D. 35 at ECF p. 7). Rather, whether to impose a stay is within the discretion of the court, the Defendants bear the burden of establishing that a stay is appropriate, and the factors this Court should weigh when deciding to impose a stay favor allowing merits discovery to proceed. Specifically, the Plaintiff argues that merits discovery has already begun, the Defendants waited over a year and eight months to move to stay merits discovery after the filing of their Answer which raised an exhaustion defense (D. 18), and delaying merits discovery will prejudice the Plaintiff by making inmate witnesses more difficult to locate and further removing potential witnesses' memories from the events which precipitated the Complaint. *Id.*

II

Federal Rule of Civil Procedure 26(c) gives a court the power to manage discovery, which includes the power to stay discovery altogether. *See e.g. U.S. v. Miller*, 2015 WL 10008847, *1 (N.D. Ind. Nov. 3, 2015). In the context of prisoner litigation where exhaustion is at issue, *Pavey* addresses the ordinary sequence of events, including the ordering of exhaustion and merits discovery. 544 F.3d at 742. Specifically, *Pavey* states:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that

> the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has not unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* The court noted that "in the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved." *Id.* However, the court also noted that "[t]here may be exceptional cases in which expeditious resolution of the litigation requires that some discovery be permitted before the issue of exhaustion is resolved," such as where the "exhaustion issue and the merits issue share common facts . . ." *Id.* Finally, the Court noted that this ordering of events in prisoner litigation where exhaustion is an issue is meant to further "the statutory goal of sparing federal courts the burden of prisoner litigation until and unless the prisoner has exhausted his administrative remedies . . ." *Id.*

Here, the Defendants' sole basis for seeking a stay of discovery is *Pavey*. However, by failing to invoke the sequence of events suggested in *Pavey* at the appropriate time in this case, it is already too late to achieve the goal which *Pavey* sought to promote by having exhaustion issues resolved prior to proceeding to merits discovery. Specifically, the Defendants filed their Answer and Affirmative Defenses on December 3, 2018, wherein they specifically raise the affirmative

3

defense of the Plaintiff's failure to exhaust his administrative remedies. (D. 18). Then, on April 20, 2020, the parties submitted a joint discovery plan—the schedule which this Court adopted and which is currently in place. (D. 23, 24). That plan nowhere suggested staging discovery as *Pavey* suggests, but instead only suggested staging fact and expert discovery. Discovery then proceeded for nearly four months, when the Defendants filed on August 6, 2020 their motion for summary judgment on the exhaustion issue. (D. 25). No motion to stay merits discovery was filed simultaneously with that motion. Indeed, not until almost two months later—six months since this Court adopted the parties' proposed schedule—did the Defendants file the motion now before the Court. (D. 33).

Where a Defendant seeks to rely on *Pavey* to stay merits discovery pending resolution of an exhaustion issue, it should do so at the earliest possible moment and certainly before merits discovery has already begun. The Defendants here were aware that exhaustion would be an issue as evidenced by their Answer, and the latest point at which they should have requested staging exhaustion and merits discovery was when the parties submitted their discovery plan to the Court. Had the Defendants requested a stay of merits discovery at the time they submitted the discovery plan, the sequence of events set forth in *Pavey* could have been followed by this Court. By making their belated request now, when merits discovery has already been ongoing for almost six months, the efficiencies sought to be furthered by *Pavey* cannot be fully achieved. Accordingly, *Pavey* does not provide a basis for staying merits discovery midstream under the circumstances of this case.

Of course, *Pavey* is only one basis for seeking a stay of discovery. *See* Fed. R. Civ. P. 26(c). A moving party seeking a stay can also demonstrate "good cause" for such a stay, where the court would consider such factors as "whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the

court." *Haper v. Central Wire Inc.*, 2020 WL 5230746, *1 (N.D. Ill. Sept. 2, 2020), *citing U.S. ex rel Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221, *1 (S.D. Ind. June 30, 2015). Here, however, the Defendants cannot meet their burden of establishing good cause for a stay because they make no argument aside from their reliance on *Pavey*, which this Court has already rejected, *supra*.

### III

For the reasons stated above, the motion to stay discovery is denied. (D. 33). Any request to extend the existing discovery schedule in this case should be done by motion, after the parties have conferred.

*It is so ordered.*

Entered: October 21, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge