IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATHAN COBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 18-3205-SLD-JEH |
| | ) | |
| CAMERON WATSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [Doc. 51]**

NOW COME Defendants, MATTHEW LINDSEY, SCOTT SCOGGAN, and TODD SHEFFLER, by and through their attorney, Kwame Raoul, Attorney General for the State of Illinois, and answer and assert the following affirmative defenses to Plaintiff's Amended Complaint [Doc. 51], stating as follows:

### I. FEDERAL JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law.

**ANSWER: Defendants admit jurisdiction is proper.**

### II. PARTIES

A. Plaintiff:

Nathan A. Cobbs
R70416
Western Ill. Correctoinal Center [sic]
2500 Route 99 South, Mt. Sterling, Ill. 62353

**ANSWER: Defendants admit the plaintiff is Nathan Cobbs and admit he was incarcerated at Western Illinois Correctional Center (Western) during the relevant time period in this lawsuit. Defendants deny Plaintiff is currently incarcerated at Western.**

B. Defendants

    Defendant #1

    Head Warden Cameron Watson    (Previously Dismissed)
    Head Warden of WCIL
    2500 Route 99 South, Mt. Sterling, Ill. 62353

**ANSWER: Defendants admit Cameron Watson was previously dismissed on October 5, 2-18. [Doc. 10].**

    Defendant #2:

    Lt. Shufflin, and, Lt. Lindsay
    Lieutenants at Prison on Day Shift.
    2500 Route 99 South, Mt. Sterling, Illinois 62353

**ANSWER: Defendants admit Lt. Sheffler and Lt. Lindsey were lieutenants at Western during the relevant time period and worked the day shift from 7:00 a.m. to 3:00 p.m.**

    Defendant #3:

    Internal Affairs Lt. Durell, and, I/A c/o Sessions (Both Previously Dismissed)
    Lieutenant of I/A at Western Ill. C.C., I/A c/o Sessions
    2500 Route 99 South, Mt. Sterling, Ill. 62353

**ANSWER: Defendants admit Lt. Durell and I/A c/o Sessions were previously dismissed on October 5, 2-18. [Doc. 10].**

    Defendant #4:

    Correctional Officer c/o Scoggs
    Correctional Officer at Prison
    2500 Route 99 South, Mt. Sterling, Ill. 62353

**ANSWER: Defendants admit Defendant Scoggan was a correctional officer at Western during the relevant time period and worked the day shift from 7:00 a.m. to 3:00 p.m.**

    Defendant #5:

Tara Goins (Previously Dismissed)
Greivance Officer at Prison
2500 Route 99 South, Mt. Sterling, Ill. 62353

**ANSWER: Defendants admit Tara Goins was previously dismissed on October 5, 2-18. [Doc. 10].**

### III.   LITIGATION HISTORY

A.   Have you brought any other lawsuits in state or federal court dealing with the same    facts involved in this case? No.

If yes, please describe. NONE.

B.   Have you brought any other lawsuits in federal court while incarcerated? No.

C.   If your answer to B is yes, how many? NONE. Describe the lawsuit(s) below. NONE.

**ANSWER: Defendants lack information or knowledge sufficient to admit or deny whether Plaintiff has brought other lawsuits.**

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

A.   Is there a grievance procedure available at your institution? Yes.

B.   Have you filed a grievance concerning the facts related to this complaint? Yes.

If your answer is no, explain why not. ANSWER IS YES!

C.   Is the grievance process completed? Yes.

Grievance report wrote on grievance form was forwarded to Head Warden Cameron Watson on Jan. 18, 2018, who in turn forwarded the emergency grievance to Ms. Tara Goins who call me to talk to me face to face on May 19th 2018. Yet, she would not process my emergency grievance, nor, would she answer my letters to her. She is deliberately blocking exhaustion of administrative remedies to aid security staff misconduct!

**ANSWER: Defendants admit Plaintiff has exhausted his administrative remedies as they relate to this lawsuit.**

V.    STATEMENT OF CLAIM

Place(s) of the occurrence: Western Ill. Correctional Center

Date(s) of the occurrence:  December 15th 2017

**ANSWER: Defendants admit Plaintiff alleges the place and date of occurrence as Western Illinois Correctional Center on December 15, 2017.**

On December 15, 2017 Defendants Lt. Sheffler, Lt. Lindsey and C/O Scoggan maliciously and sadistically violated my Constitutional rights under the 8th and 14th Amendment. At around 12:30 pm, while I was in handcuffs behind my back and not showing any aggression or resistance inside the segregation bullpin, that's outside of camera view. [sic]

**ANSWER: Defendants deny violating any of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments. Defendants deny the remaining allegations in the preceding paragraph.**

I was put in this bullpin by Defendant I/A Officer Sessions on investigative status.

**ANSWER: According to an incident report by Officer Sessions, Defendants admit the allegations in the preceding paragraph.**

While on my way to this bullpin Defendant C/O Scoggan  walked up to me and trys to tripp me. But I stepped over his foot and asked him why did he try to  tripp me? Defendant C/O Scoggan states "shut up nigger before I really hurt you."

**ANSWER: Defendant Scoggan denies the allegations in the preceding paragraph. Defendants Lindsey and Sheffler lack knowledge or information sufficient to admit or deny the allegations in the preceding paragraph.**

Plaintiff being afraid for my safety told him that I didn't do anything to him for him to have to put his hands on me! Defendant Scoggan then pushed me into the Seg bullpen to the back wall, whereas he took his full body weight forward with two thumbs and lodged them under my chin & pressed, choking me for about (30) seconds, causing great pain and fear forcing me to swing around to get free.

**ANSWER: Defendant Scoggan denies the allegations in the preceding paragraph. Defendants Lindsey and Sheffler lack knowledge or information sufficient to admit or deny the allegations in the preceding paragraph.**

Defendant Scoggan then steps to the side to let Defendant Lt. Sheffler grab my head with both his hands and slams my head into the wall over and over placing a dash cut over my eye and causing a concussion to my head. Whereas he than turns me around to face-to-face with him, and slams my back spine into the wall causing great pain. He than took his left forearm and pressed it against my throat with his full body weight, choking me while striking me with his right fist five to ten times in my left side ribs, fracturing my rib cage!

**ANSWER: Defendant Sheffler denies the allegations in the preceding paragraph. Defendants Lindsey and Scoggan lack knowledge or information sufficient to admit or deny the allegations in the preceding paragraph.**

At this point in time Defendant Scoggan comes and grab my feet causing me to fall backwards and hit the back of my head on the wall. While Defendant Scoggan held my feet in the air, Defendant Lt. Sheffler continues to punch me in my ribs as he began to drop kick his right knee into my ribs, causing me to scream out in pain.

**ANSWER: Defendants Scoggan and Sheffler deny the allegations in the preceding paragraph. Defendant Lindsey lacks knowledge or information sufficient to admit or deny**

the allegations in the preceding paragraph.

While this is taking place, Defendant Lindsey held his left knee against the front of my neck after 3 to 4 knee drops trying to crush my Adam's apple in my throat. Defendant Scoggan then lets my legs go and Defendant Lindsey got up taking his knee off my my neck.[sic]. They then left me handcuff, bleeding, swollen, locked in the bullpen denying my request for medical attention!

**ANSWER: Defendants Lindsey and Scoggan deny the allegations in the preceding paragraph. Defendant Sheffler lacks knowledge or information sufficient to admit or deny the allegations in the preceding paragraph.**

Approximately around 20 minutes later, Defendant Warden Watson comes along doing his rounds signing the logbooks in Seg. Plaintiff notifys him of what happen [sic]. He calls Defendant Lt Durell because that is who came from Internal Affairs to see and tells me the Warden sent him. 10 (ten) minutes later I'm taken to Health Care and given stitches to the big dash over my right eye and pain pills, but no ex-ray to my back & ribs or skull.

**ANSWER: Defendants lack knowledge or information sufficient to admit or deny the allegations in the preceding paragraph.**

From their [sic] on a deliberate, malicious denial to block exhaustion of my administrative remedies is carried out by Defendant Tara Goins who refuses to answer the grievance sent to her by Defendant Watson sent to him on an emergency basis back in January 2018.

**ANSWER: Defendants deny violating Plaintiff's constitutional rights. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the preceding paragraph.**

Plaintiff was being racially profiled and targeted with each of the Defendants doing their individual part to ensure this matter is never brought to court while Defendants Lt. Durell and

Head Warden Watson pretends to show concern.

**ANSWER: Defendants deny the allegations in the preceding paragraph.**

After Defendant Watson saw me handcuffed and gets my emergency grievance he deliberately with malice intent fails to process the grievance as an emergency grievance, forwards it to Defendant Tara Goins who never sends me a response to the grievance so I can forward this on Springfield Adm. Review Board for handling. Nor does Defendants C/O Session or Lt. Durell of I/A take any other steps in helping Plaintiff in this matter, or actions against those staff members for the cruel and unusual excessive force without any penological justification for the racial profile beating!

**ANSWER: Defendants deny violating Plaintiff's constitutional rights and deny the allegations that they used excessive force against Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in the preceding paragraph.**

Each Defendant involved was deliberately turning a blind eye to the wrong, facilitating it, condoning it, and failing to correct it. Each is liable for their actions or inactions in the excessive force. Each knew or should have known they was violating clearly establish Constitutional rights of the Plaintiff.

**ANSWER: Defendants deny violating Plaintiff's constitutional rights. Defendants deny Cameron Watson, Lt. Durell, I/A c/o Sessions, and Tara Goins are still named defendants in this lawsuit.**

### RELIEF REQUESTED

Plaintiff asks for $225,000 dollars compensatory damages individually from each Defendant involve, [sic] in their individual capacities and official capacities.

**ANSWER: Defendants deny that Plaintiff may sue them in their official capacities and deny that Plaintiff is entitled to any relief whatsoever.**

Plaintiff asks for $50,000.00 dollars punitive damages from each defendant involved in the excessive force and medical delay and denial done in violation to my 4th, 8th and 14th Amendment clearly establish Constitutional rights.

**ANSWER: Defendants deny Plaintiff is entitled to any relief whatsoever.**

And Plaintiff ask that Defendant Tara Goins and Warden Watson to held liable for blocking exhaustion of my administrative remedies and charged punitive and compensatory damages. Plaintiff further as that this Honorable Court appropriate all marshal service on each defendant held liable.

**ANSWER: Defendants deny Plaintiff is entitled to any relief whatsoever. Defendants deny Tara Goins and Warden Watson are named defendants in this lawsuit.**

### JURY DEMAND

**Defendants respectfully request a trial by jury on all triable issues.**

### AFFIRMATIVE DEFENSES

1. **Qualified Immunity**

At all times relevant to Plaintiff's claims, Defendants acted in the good faith performance of their official duties without violating Plaintiff's clearly established constitutional rights. Defendants are, therefore, protected from liability by the doctrine of qualified immunity.

2. **Eleventh Amendment Immunity**

Under the Eleventh Amendment, Plaintiff's claims for monetary damages against the Defendants in their official capacities are barred by sovereign immunity. To the extent that the Plaintiff seeks injunctive relief that is not intended to address ongoing constitutional deprivations,

the Eleventh Amendment and sovereign immunity bar such claims. Because Plaintiff does not suffer from any ongoing constitutional deprivation, his request for injunctive relief is barred by the Eleventh Amendment.

WHEREFORE, Defendants respectfully request that this Court enter judgment against the Plaintiff.

Respectfully submitted,

MATTHEW LINDSEY, SCOTT SCOGGAN, and TODD SHEFFLER,

    Defendants,

KWAME RAOUL, Illinois Attorney General,

Hinal A. Patel #6330260
Assistant Attorney General    Attorney for Defendants,
500 South Second Street
Springfield, Illinois  62701
(217) 782-5819 Phone    By: s/Hinal A. Patel
(217) 524-5091 Fax    Hinal A. Patel
E-mail:  hpatel@atg.state.il.us    Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN COBBS, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   No. 18-3205-SLD-JEH |
| CAMERON WATSON, et al., | ) ) ) |
| Defendants. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, the foregoing document, ***Defendants' Answer and Affirmative Defenses to Plaintiff's Amended Complaint [Doc. 51]***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James P. Gaughan – jgaughan@rshc-law.com
Rachel Sifuentes – rsifuentes@rshc-law.com

and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

NONE

Respectfully submitted,

  s/ Hinal A. Patel
Hinal Patel, #6330260
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0261 Phone
(217) 782-8767 Fax
Email:  hpatel@atg.state.il.us